IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY PRATT,

      Plaintiff,                    No. CIV S-05-1392 GEB DAD P

   vs.

BPT, et al.,

      Defendants.           FINDINGS AND RECOMMENDATIONS

/

        Plaintiff, a state prisoner proceeding pro se, commenced this action by filing a civil rights complaint and a certified trust account statement on July 11, 2005.  The action was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        By order filed July 19, 2005, plaintiff was granted thirty days to pay the filing fee or submit a properly completed application to proceed in forma pauperis.  Plaintiff filed such an application on August 8, 2005.  The application makes the showing required by 28 U.S.C. § 1915(a).

        District courts are required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such an entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint if the prisoner has raised claims that are legally

1

"frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  For purposes of reviewing a complaint under this standard, the court accepts as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes the pleading in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In the present case, plaintiff has filed an amended complaint. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). An amended complaint filed as a matter of right will supersede the initial complaint, which will no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). The undersigned will therefore screen plaintiff's amended complaint rather than his initial complaint.

By his amended complaint filed on August 24, 2005, plaintiff has sued the California Board of Prison Terms ("BPT") and two parole commissioners. Plaintiff offers an introductory statement of claim in which he alleges that he was sentenced in 1974 to a term of imprisonment of seven years to life on a conviction of murder, he was granted a parole release date set for 1991, his parole release date was rescinded, and he has been denied a parole release date at every parole consideration hearing conducted since that time. Plaintiff asserts that he has been denied parole due to harsher guidelines, reliance on an unchanging factor of his crime, and a gubernatorial no-parole policy. Plaintiff states that he has contemporaneously filed a state habeas petition challenging those issues and that the petition is pending. Plaintiff explains that in this action he "seeks declaratory and injunctive relief to be utilized in his habeas action" and asks this court to "intervene in this matter."

In a more detailed statement of claim, plaintiff makes the following allegations and assertions: He attended a BPT hearing on March 12, 2004; the hearing was conducted by defendants Angele and Ziegler; a parole release date was denied based on the unchanging factor of the heinousness of plaintiff's crime; plaintiff presented evidence of a low risk of danger to society, prison accomplishments, realistic parole plans, strong family ties, and a job awaiting him upon his release; defendants applied parole board guidelines established after his conviction; the standards and matrix applied at the hearing punish plaintiff with a longer sentence; plaintiff

demonstrated parole suitability; there was no evidence supporting denial of a parole release date; the denial supports a conclusion that defendants were acting pursuant to a gubernatorial no-parole policy; defendants violated plaintiff's liberty protections; the no-parole policy initiated by former governors Wilson and Davis is directed solely at prisoners serving life sentences for convictions of murder; the no-parole policy is unequally applied because it is not applied to similarly situated prisoners not convicted of murder; defendants' actions served no legitimate penological interests and were not narrowly tailored to advance a legitimate penological goal.

Plaintiff seeks a declaration of his rights and asks the court to "combine this declaratory order to be utilized in his habeas corpus pending in state court on this and/or these issues, case no.: 04F07039, being exhausted in order to be properly brought before this honorable court." Plaintiff seeks injunctive relief in the form of an order requiring defendants to grant a hearing at which (1)the gravity of plaintiff's crime is not factored into consideration, (2) none of the commissioners were in office during the systematic application of the gubernatorial no-parole policy, (3) the "some evidence" standard is adhered to, (4) the standards applied are those prevalent when plaintiff was convicted, and (5) parole is not granted or denied unequally to similarly situated prisoners.

Plaintiff's amended complaint fails to state any claim upon which relief can be granted under the Civil Rights Act, 42 U.S.C. § 1983. By his request for declaratory relief, he seeks improper interference with state habeas proceedings and a premature disposition of claims that plaintiff intends to present in federal habeas proceedings after state court remedies are exhausted. By his request for injunctive relief plaintiff seeks a new parole hearing on the basis of alleged defects in past parole hearings. Although plaintiff has not requested damages or an express invalidation of past parole denials, his claims are predicated on the alleged invalidity of those decisions. Plaintiff's claims attack past parole decisions and the validity of his confinement. Plaintiff's sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

In 2001, eighteen California state prisoners brought claims similar to plaintiff's in a civil rights action in which they alleged that the current and previous governors of California and the chairman and members of the Board of Prison Terms, among others, have administered and continue to administer the state's parole statutes to achieve an unwritten, unconstitutional policy of denying parole to inmates convicted of certain offenses and serving life sentences. McQuillion v. Schwarzenegger, 369 F.3d 1091 (9th Cir. 2004). On appeal, the Ninth Circuit affirmed the district court's dismissal of the plaintiffs' civil rights complaint. The court found that the prisoners' claims for monetary damages implied the invalidity of their continuing confinement and were not cognizable. 369 F.3d at 1097-98. In addition, the court ruled that the inmates could not seek prospective relief requiring constitutionally adequate parole hearings in the future because, in order to establish their standing to seek such relief, each plaintiff would have to allege personal injury traceable to the defendants' allegedly unlawful conduct, and any allegation of personal injury would necessarily imply the invalidity of the inmate's confinement. Id. at 1098-99. As the court put it, "the prospective relief they seek is unattainable in § 1983 proceedings, illustrating why their remedy lies in federal habeas proceedings." Id. at 1098.

In the present case, plaintiff cannot demonstrate standing for the prospective relief he seeks unless he alleges personal injury in the form of unconstitutional confinement. Because his sole federal remedy lies in habeas proceedings, his civil rights complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. Plaintiff's claims must be dismissed as legally frivolous and for failure to state a claim upon which relief can be granted.

Moreover, the relief sought by plaintiff in this action appears to be moot. The court's own records reveal that on January 27, 2006, plaintiff filed a habeas petition challenging his 2004 parole denial as well as previous denials. (See Larry Pratt v. Martin Veal, et al., case No. Civ. S-06-0188 DFL JFM P).[1] The petition reveals that the state habeas proceedings cited in

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

plaintiff's amended complaint in this case have been completed and that plaintiff is now litigating the validity of his current confinement. The docket for the habeas case reveals that respondents have been directed to file an answer to the petition.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's August 8, 2005 application to proceed in forma pauperis be denied; and

2. This action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 10, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
prat1392.56

6